IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORNELIUS THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-288-DRH |
| | ) |
| **WARDEN DAVIS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory, injunctive, and monetary relief for alleged deliberate indifference to his serious medical needs. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Plaintiff alleges that in January 2003, then Governor Rod Blagojevich directed the Illinois Department of Corrections (IDOC) to begin serving Illinois inmates "a diet largely based on processed soy protein, with very little meat."  Plaintiff asserts that Defendant Blagojevich did this for two reasons: (1) to save money and (2) as a political payback for Archers Daniel Midland, which is alleged to have been a political supporter of Defendant Blagojevich, and the primary supplier of soy products to the IDOC.

It appears that Plaintiff became incarcerated in the IDOC in May 2008.[1]  Plaintiff asserts that as a result of eating the above diet, he suffers from "debilitating [and] chronic symptoms" which he

---

[1]Information obtained from the Illinois Department of Corrections inmate locator service: http://www.idoc.state.il.us/subsections/search/default.asp .

claims are associated with a "soy allergy" and caused by a "massive soy product intake." Complaint, pg.3, ¶ 10; and pg. 6. These symptoms are alleged to be:

> chronic painful constipation alternating with debilitating diarrhea, vomiting after eating, sharp pains in the digestive tract . . .passing out, heart palpitations, rashes, acne, insomnia, panic attacks, depression and symptoms of hypothyroidism, such as low body temperature (feeling cold all the time), brain fog, fatigue, weight gain, frequent infections [and] enlarged thyroid.

Complaint, pg. 2, ¶ 5. In addition to the present adverse health effects of eating the above diet, Plaintiff further asserts that "since soy contains anti-fertility compounds, many young prisoners may be unable to father children after their release [from prison]."

Plaintiff asserts that he has sent letters and grievances to Defendants Quinn and Randle concerning his problems with the soy diet, but either they did not respond to his grievances or, alternatively, those grievances and letters were destroyed by unknown mail staff (Defendants John and Jane Does). Plaintiff additionally asserts that Defendant Quinn "was made aware of the soy poisoning by the case of *Harris et al. v. Brown et al.*, Case No. 3:07-cv-03225 in the US District Court for the Central District of Illinois."

Plaintiff claims that Defendant Davis, Warden at Pinckneyville, has not "properly supervis[ed] the staff at Pinckneyville." Attachment to Complaint (Letter to Attorney General's Office), pg. 1. Plaintiff further asserts that Defendant Fenton, Health Care Administrator, has wanton[ly] and blatant[ly] . . . disregarded" his medical needs and "fail[ed] to give [Plaintiff] a soy-free diet [and] to test the soy levels in [Plaintiff's] body." *Id*. Defendant Sheppard, a doctor at Pinckneyville, is sued for "maliciously [and] intentionally causing [Plaintiff] . . . to suffer severe medical problems due to a mandatory ingestation [sic] of the soy products [and] by-products."

3

Attachment to Complaint (Letter to Pat Quinn), pg. 1. The same allegation is made against Defendants Quinn, Blagojevich, Randle, Fenton, and John/Jane Doe.

## DISCUSSION

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As stated by the Seventh Circuit Court of Appeals:

> A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Plaintiff has alleged sufficient facts from which the Court can infer that he suffers from an objectively serious medical problem. Plaintiff's alleged symptoms (e.g., chronic painful constipation alternating with deliberating diarrhea, vomiting, sharp pains in the digestive tract, etc.) would cause a lay person to seek a doctor's attention.

Plaintiff's complaint, however, fails to allege sufficient facts suggesting that Defendants

Davis, Fenton, Sheppard, and John/Jane Does knew that Plaintiff suffered from these symptoms or knew that the IDOC's soy diet caused them or carried a substantial risk of harm of causing them. The complaint also fails to allege facts from which the Court can infer that, had they possessed such knowledge, that they disregarded Plaintiff's medical symptoms or the potential risk of harm. With regard to these Defendants, Plaintiff's allegation that they were "deliberately indifferent" is nothing more than abstract recitation of an element of the cause of action and a conclusory legal statement. There is, for example, no allegation that these particular Defendants were notified of Plaintiff's specific medical problems or that they took no action after being notified of such problems. Consequently, Plaintiff's claims against Defendants Davis, Fenton, Sheppard, and John/Jane Does should be dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff's claims against Defendant Blagojevich should also be dismissed pursuant to § 1915A. Even if it's true, as Plaintiff alleges, that the former Governor increased the amount of soy served in the IDOC as a political payback, allegations do not state a claim upon which relief can be granted to Plaintiff. Again, the complaint fails to allege facts from which the Court can infer that Defendant Blagojevich knew that the IDOC's soy diet carried a substantial risk of harm *and* that he disregarded the potential risk.

Plaintiff's claims against the current Governor, Defendant Quinn, should also be dismissed. As above, the complaint fails to allege facts from which the Court can construe that Defendant Quinn knew that the IDOC's soy diet carried a substantial risk of harm to inmates in general *and* that he disregarded the potential risk. While it is true that Plaintiff wrote Defendant Quinn letters concerning the particular effects that the soy diet was having on his individual health, Defendant Quinn was entitled to relegate decisions regarding Plaintiff's specific health problems to the prison's

medical staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

In addition to his medical claims, Plaintiff asserts that "females in the prison system are soy fee since winning their case, *Harris, et al. v. Brown, et al.*, Case No. 3:07-cv-3225 in the Central District" and, therefore, continuing to serve the male inmates a soy diet is a violation of Equal Protection. In this instance, Plaintiff's allegation is simply untrue. A check of the Court's Public Access to Electronic Records (PACER) system shows: (1) that the plaintiffs in that case are all men incarcerated at the Western Illinois Correctional Center; and (2) that the plaintiffs in that case have not "won" anything and that the case is still pending before the Central District of Illinois.

Plaintiff also appears to assert that there is an Equal Protection claim because "black men . . . make up 80% of the prison population" and that the soy diet is a particular harsh on this population of black men due to the alleged effects of soy on fertility. Even if this allegation were true, a gigantic stretch, it fails to state an equal protection claim because the soy diet appears to be imposed on *all* inmates regardless of race or color.

Plaintiff's due process claim fails because there is no liberty interest in eating a diet free from soy. Plaintiff's cruel and unusual punishment claim fails for the same reason that his Eighth Amendment medical claims fail: there are no fact allegations from which the Court can reasonably infer that each Defendant knew that the IDOC's soy diet carried with it a substantial risk of harm to inmates in general (or Plaintiff in particular) *and,* had they possessed that knowledge, that they ignored the risk. Finally, Plaintiff's claim that if Defendant Quinn did not receive his grievances, then those grievances must have been intercepted by Defendants John/Jane Does is wholly conclusory.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** October 20, 2010.

David R. Herndon
2010.10.20
11:28:23 -05'00'

**DISTRICT JUDGE**